JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE GARALD VAN SAUTER & FRANCESCA A. DE LA FLOR,<br><br>Appellants,<br><br>v.<br><br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>Appellee. | Case Nos. 2:20-cv-06547-FLA; 2:14-bk-19929-BR<br><br>**ORDER DISMISSING BANKRUPTCY APPEAL** |

## **RULING**

Before the court is an appeal from the United States Bankruptcy Court, Case No. 2:14-bk-19929 (C.D. Cal. May 21, 2014). Francesca Angela de la Flor ("de la Flor" or "Appellant"), in pro se, appeals the bankruptcy court's July 9, 2020 Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals ("Final Fees Order").

For the reasons stated herein, the court DISMISSES this appeal.

# BACKGROUND[1]

On May 21, 2014, Appellant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. Dkt. 1. The action was converted to one under Chapter 7 on January 14, 2016, and Appellee Carolyn A. Dye (the "Trustee" or "Appellee") was appointed as the trustee. Dkts. 370, 373. Appellee also served as the trustee for *In re: Oak Knoll Meadows Farm Inc.*, Case No. 2:14-bk-19931 (C.D. Cal. May 21, 2014), which was consolidated with the individual case for the debtor in an order entered February 28, 2017. Dkt. 542.

On October 31, 2018, the bankruptcy court approved the Trustee's interim request to be paid a total of $118,300 in fees. Dkt. 732. LEA Accountancy, LLP ("LEA Accountancy"), the Trustee's accountant, was also paid $60,819.62 in interim fees and expenses. *See* Dkt. 780 at 2.

On March 11, 2020, LEA Accountancy submitted an application for payment of final fees and expenses pursuant to 11 U.S.C. § 330. Dkt. 770. The application was supported by an affidavit outlining the work performed and requested $8,248 in fees and $189.85 in expenses. *Id.* On May 28, 2020, the Trustee submitted a 185-page Final Report pursuant to Fed. R. Bankr. P. 5009(a). Dkt. 772. The Final Report stated that, pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the Trustee was $141,927.82. *Id.* at 2. The Trustee requested $23,317.73 in addition to the $118,300 interim compensation, for a total compensation of $141,617.73. *Id.*

Appellant filed an objection to both the Trustee and LEA Accountancy's requests for additional compensation on June 15, 2020. Dkt. 778. Appellant argued, *inter alia*, that (1) the Trustee was not entitled to the requested fee because she

---

[1] Hereinafter, all references to docket numbers are from the case *In re: Rene Gerald Van Sauter and Francesca Angela de la Flor*, Case No. 2:14-bk-19929 (C.D. Cal. May 21, 2014) unless otherwise specified.

unreasonably delayed in closing the estate[2] and "has surplus money in the Debtors' Estate which the Trustee has held onto, interest free, for 4 ½ years"; and (2) LEA Accountancy should not recover the requested monies because "[n]either LEA Accountancy nor the trustee has explained what these additional substantial funds are for." Dkt. 778 at 5-7. The Trustee responded that the delay was caused by an administrator's back injury and serious illness in her family, as well as Appellant's own actions in filing complaints and motions. Dkt. 776 at 3. The Trustee also noted LEA Accountancy's application "sp[oke] for itself," and that Appellant did not identify "any particular time entry or charge that she [found] objectionable." *Id.* at 4.

On July 9, 2020, the bankruptcy court entered the Final Fees Order, requiring the Trustee to be paid $25,126.65 in fees, and LEA Accountancy to be paid $7,928.85 in fees and $148.17 in expenses.[3] Dkt. 780 at 2. Plaintiff appealed on July 23, 2020. Case No. 2:20-cv-06547, Dkt. 1. The Clerk entered notice the same day that Appellant was required to file by August 6, 2020: (1) a designation of record; (2) a statement of issues on appeal; and (3) a notice regarding the ordering of transcripts from the bankruptcy court. *Id.*, Dkt. 5 at 1. The notice further warned that "[t]he failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal." *Id.* at 2.

On August 10, 2020, Appellant filed a statement of issues on appeal. Case No. 2:20-cv-06547, Dkt. 12. The same day, the Honorable Percy Anderson ordered

---

[2] Specifically, Appellant noted the Trustee represented in its October 2018 interim application for fees that it would take only "several more months" to close the estate (Dkt. 710 at 2), but the estate was still open after more than two years, hindering Appellant's ability to refinance her home or obtain loans. Dkt. 778 at 4-5.

[3] Though not relevant to this appeal, the bankruptcy court also required payment of fees and/or expenses to the U.S. Bankruptcy Court, U.S. Trustee, and the Trustee's general counsel. Dkt. 780 at 1-2.

3

Appellant to show cause why this appeal should not be dismissed for lack of prosecution, noting Appellant failed to file a notice stating she had ordered the reporter's transcript from the bankruptcy court, or waiver thereof, in defiance of the Bankruptcy Rules. *Id.*, Dkt. 13. Appellant responded on August 31, 2020, stating she "did not notice the order of transcripts for the 2 hearings that she designated for the Appeal because [Appellant] has never seen a Court Reporter or anyone transcribe any of the Bankruptcy hearings that she has attended." *Id.*, Dkt. 14 at 2. In addition, Appellant noted that "if a recording was made an audible copy of the recording can be obtained," and that "[i]f the Court regards the recordings as transcripts, [Appellant] will order them immediately." *Id.*

On September 9, 2020, Judge Anderson ordered Appellant to either (1) notify the court that she had requested the required recordings from the bankruptcy court; or (2) file a waiver if the recordings were not necessary to decide the issues on appeal, by September 25, 2020. Case No. 2:20-cv-06547, Dkt. 15. The court warned that failure to comply with the order may result in dismissal of Appellant's appeal for lack of prosecution. *Id.* On September 21, 2020, Appellant responded in a declaration that she requested the recordings of the hearings from the bankruptcy court. *Id.*, Dkt. 18.

Plaintiff filed her opening brief on October 13, 2020. Case No. 2:20-cv-06547, Dkt. 19 ("OB"). The court, however, has not received the recordings, and no Certificate of Readiness and Completion of Record on Appeal has been issued in this action to date. On appeal, Appellant again challenges the fees and expenses awarded to the Trustee and LEA Accountancy. *See* OB. On November 18, 2020, the Trustee submitted her Answering Brief. Case No. 2:20-cv-06547, Dkt. 21 ("AB"). The appeal was transferred to this court on December 28, 2020. *Id.*, Dkt. 24.

## DISCUSSION

Appellant's appeal is not properly before the court. To date, Appellant has not timely filed, or has failed to file altogether, the documents required by the Clerk's July 23, 2020 notice. Case No. 2:20-cv-06547, Dkt. 5. Specifically, Appellant failed to

4

file timely the statement of issues on appeal, and the court has not received a designation of record or the recordings from the bankruptcy court proceedings. Nor has a Certificate of Readiness and Completion of Record on Appeal been issued. Accordingly, the court DISMISSES this appeal on procedural grounds. *See id.* at 2 (warning that failure to comply with time requirements and applicable rules may result in the dismissal of the appeal).

## **CONCLUSION**

For the reasons set forth above, the court DISMISSES the appeal.

IT IS SO ORDERED.

Dated: June 15, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge